## No. 671
## PENNA. RD. CO. v. BELL

Ohio Appeals, 6th Dist., Lucas Co.

No. 1526. Decided May 25, 1925

112. ATTACHMENT & GARNISHMENT—

1. Garnishee cannot avail itself of defense, that defendant in attachment suit was entitled to claim money in its hands, and was exempt from execution because of said defendant's privilege to select and hold personal property exempt from execution.

2. If such defendant did not claim the money as exempt he waived it.

WILLIAMS, J.

Floyd Bell filed his statement of claim, in the Toledo Municipal Court, against Walter Hoffman seeking to recover $54.00 alleged to be due for rent of a house. On the same day, Nov. 8, 1922, he filed an affidavit for attachment setting forth that the property about to be attached was not exempt from execution and that the Pennsylvania Railroad Co. was indebted to Hoffman having property, money in its possession subject to be attached.

It developed that there was due Hoffman $131.35 from the company, it being served as garnishee. Hoffman appeared and confessed judgment, $59.40. with interest. Judgment was rendered for that amount and costs and the Company was ordered to pay the $59.40.

The company refused to comply with the order to pay in the money and on June 5, 1923, Bell brought his action against it in the Lucas Common Pleas. Judgment was rendered in this second action in favor of Bell. Error was prosecuted and it was claimed by the company that the affidavit for attachment was insufficient to warrant the garnishment of wages or any part thereof in the hands of

## STATE COURT OF APPEALS—Continued

the garnishee, and that under the facts of the case only 10% of Hoffman's wages could be garnisheed as required by 10222 GC; and that these alleged defects were both jurisdictional in character and that jurisdiction could not be acquired without such affidavit and demand. The Court of Appeals held:

1. It is not an available defense to an action upon an order requiring the garnishee to pay money into court, for the garnishee to show that the defendant in the attachment case was entitled to claim that the money in the hands of the garnishee was exempt from execution under the laws of the state, for the reason that the right to select and hold property exempt from execution is a personal privilege granted to the defendant in attachment which he may waive.

2. As Hoffman, the defendant in attachment, did not claim the money as exempt he waived it, and unless there were irregularities in the proceedings, which were jurisdictional, and the order against the garnishee therefore invalid, the company cannot complain.

3. If the Municipal Court has jurisdiction of the subject of the action and power to issue a writ of attachment upon the affidavit filed therefor, mere irregularities not jurisdictional in character, which might be taken advantage of by a proceeding in error, could not be taken advantage of by the garnishee in a collateral proceeding.

4. Section 10253 GC. as to demand has no bearing upon the case for the reason that the court, in the original attachment case, ordered the whole amount paid in, and not 10% thereof.

5. If sufficient answer has not been made to claim of the company, the affidavit in attachment was regular in form and as drawn no demand was required to make the proceedings by way of garnishment valid.

Judgment affirmed.

Attorneys—Fraser, Hiett & Wall, for Company; Doyle & Lewis for Bell; all of Toledo.