MATAVICH, APPELLEE, *v.* BUDAK, APPELLANT.

(No. 81 C.A. 2—Decided January 19, 1982.)

*Mr. Alan J. Matavich,* for appellee.
*Mr. Elliot P. Legow,* for appellant.

DONOFRIO, J. Defendant-appellant, Irene Budak, is appealing the judgment of the Municipal Court of Struthers which overruled her motion to vacate the prior order of such court to garnishee the sum of $215.34 from her checking account in the Dollar Savings and Trust Company, which was based on a prior judgment of $500 that plaintiff-appellee, Alex J. Matavich, had obtained against appellant.

On October 7, 1980 appellee filed the affidavit in aid of execution that resulted in the attachment. The sum of $215.34 was paid into the trial court on October 29, 1980 and was disbursed to appellee on the same day.

On October 31, 1980 appellant filed a motion to vacate the order of the trial court to garnishee appellant's money in her checking account because such money was social security funds that are exempt from execution, attachment or garnishment by Section 407, Title 42, U.S. Code.

After a hearing on the motion, the trial court found that the checking account consisted solely of social security funds that are not subject to execution. However, the trial court held that the exemption granted to appellant on the funds by the federal government and incorporated into R.C. 2329.66 had been waived because the funds derived from the attachment had been disbursed before appellant asserted her objection to such attachment.

Appellant's only assignment of error is that the trial court committed error prejudicial to appellant and contrary to law by holding that appellant had waived the exempt character of the money on deposit in her bank account, despite evidence that all such moneys were derived from supplemental security income checks, exempt from attachment by federal law, and that appellant filed a motion to vacate the order to garnishee only

two days after disbursement was made to appellee.

Section 407, Title 42, U.S. Code provides as follows:

"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

R.C. 2329.66 provides, in pertinent part, as follows:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

"* * *

"(16) Any other property that is specifically exempted from execution, attachment, garnishment, or sale by federal statutes other than the 'Bankruptcy Reform Act of 1978,' 92 Stat. 2549, 11 U.S.C. 101 et seq., as amended."

Article VI of the United States Constitution provides, in pertinent part, as follows:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

Where an exemption depends on demand, it may be impliedly waived by the failure to assert the demand at the proper time or in a reasonable manner by the person entitled to exercise the right. *Conley* v. *Chilcote* (1874), 25 Ohio St. 320, 324; *Pennsylvania Rd. Co.* v. *Bell* (1925), 22 Ohio App. 67; 23 Ohio Jurisprudence 2d 274, Exemptions, Section 45; 31

American Jurisprudence 2d 463, Exemptions, Section 163.

R.C. 1901.13 provides, in pertinent part, as follows:

"In any action or proceeding of which a municipal court has jurisdiction, the court or any judge thereof has power:

"* * *

"(C) To hear and determine questions of exemptions upon application or action of any party to a pending cause;"

Appellee correctly points out that appellant was required to file a written motion pursuant to Civ. R. 7(B) to assert her claim for an exemption to subject attachment. R.C. 1901.21(A) provides that the Rules of Civil Procedure shall be applicable unless otherwise provided by R.C. Chapter 1901.

The constitutionality of the Ohio garnishment statutes is not at issue in this case. The issue is the interpretation of Ohio garnishment statutes to the facts of this case. No Ohio case directly on point has been called to the attention of this court so that this case is one of first impression in this court.

Appellant was represented by counsel early in the proceedings. The appellant had time prior to the disbursement of funds to file a written motion to vacate and assert the exemption which undoubtedly was due the appellant.

The first action taken by appellant's counsel was after disbursement of funds had been made by the court some twenty-two or twenty-three days after notice to appellant of attachment proceedings. The facts of the instant case dictate that the discretion of the trial judge should be upheld.

The trial judge, based on the length of time of inaction, held that the appellant waived the exemption. No action was taken for a period of over three weeks. If, indeed, a waiver can be accomplished by appellant's inaction, then the trial judge acted legally and within his sound discretion to make such determination. It is not the function of this reviewing court to substitute its judgment for that of the trial court.

For these reasons the judgment of the trial court is affirmed.

*Judgment affirmed.*

O'NEILL, J., concurs.

LYNCH, P.J., dissents.

LYNCH, P.J., dissenting. My research has failed to find any specific statute or rule of court that prescribes any time limit in which defendant was required to file her motion for exemption of subject attached funds from her checking account.

The only pertinent standard is Civ. R. 12(A)(1) which provides that an answer shall be filed within twenty-eight days after service of the complaint upon a party. I recognize that it is arguable whether an attachment is a claim for relief within the meaning of Civ. R. 8(A), but in my opinion defendant's motion was in the nature of an affirmative defense pursuant to Civ. R. 8.

In *Finberg* v. *Sullivan* (C.A. 3, 1980), 634 F.2d 50, the court stated, in pertinent part, at page 63, as follows:

"A state law is in conflict with a federal statute, and void under the supremacy clause, if it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' *Hines* v. *Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941). * * *

"* * * The overall objective of the social security system is 'the protection of its beneficiaries from some of the hardships of existence.' *United States* v. *Silk,* 331 U.S. 704, 711, 67 S.Ct. 1463, 1467, 91 L.Ed. 1757 (1947). The exemption of benefits from legal process has the apparent purpose of furthering this objective by ensuring that a beneficiary has uninterrupted use of moneys received as benefits.

"The immediate effect of Penn-

sylvania's current postjudgment garnishment procedures is to provide a judgment creditor with a means of violating the exemption. Social security beneficiaries commonly hold their benefits in bank accounts. Yet, the Pennsylvania procedures make available a process for attaching and freezing bank accounts without regard to whether they contain social security funds.

"Even though the procedures have this effect, they might still avoid interference with congressional purposes if they operate in a manner that avoids any significant interruption of access to benefits. * * * The inadequate notice procedures raise a danger of a permanent loss of benefits. For a judgment debtor who depends upon social security to meet the necessary expenditures of living, these consequences can be severe.

"* * *

"We conclude that the Pennsylvania procedures conflict with the social security exemption and are invalid under the supremacy clause."

In *Cole* v. *Goldberger, Pedersen & Hochron* (1978), 95 Misc. 2d 720, 410 N.Y. Supp. 2d 950, the court stated, in pertinent part, at page 729, as follows:

"Whatever the interest of a judgment creditor in the general assets of his debtor subject to collection, it is clear that he lacks any property right in exempt assets. The petitioners before us successfully asserted that funds restrained in their respective bank accounts were comprised wholly of social security (Cole) and veterans' (Reynolds) disability benefits, both of which are categorically protected from 'attachment, levy, or seizure by or under any legal or equitable process whatever' * * *. It is apparent, therefore, that the debtor's entitlement to the exemptions is at least as strong as the creditor's right to seize the subject property in satisfaction of the judgment."

I believe that in the decision of this case, we have to avoid a result that would make Ohio garnishment statutes un-

constitutional in their application to social security funds as happened in the *Finberg* case with Pennsylvania statutes. I conclude from the *Finberg* case that the recipient of social security funds must be given adequate time to assert her claim from exemption when such funds are attached as happened in this case, otherwise any state statute permitting such attachment contrary to this standard would be invalid under the Supremacy Clause.

The time between notice to defendant of subject attachment to the filing of her motion to vacate such attachment, because subject funds were social security funds that were exempt from attachment, is twenty-two or twenty-three days. Under the facts of this case and applicable law I would hold that defendant filed her claim for exemption within a reasonable time. Therefore, I would sustain defendant's assignment of error.