Raymond J. DONOVAN, Secretary of
Labor, Plaintiff,

v.

HAMILTON COUNTY MUNICIPAL
COURT et al., Defendants.

No. C-1-83-839.

United States District Court,
S.D. Ohio, W.D.

Feb. 10, 1984.

Mark D. Katz, U.S. Dept. of Labor,
Cleveland, Ohio, for plaintiff.

James W. Harper, Asst. Pros. Atty., Cincinnati, Ohio, for defendants.

OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

SPIEGEL, District Judge:

This matter is before the Court for consideration of plaintiff's motion for summary judgment (doc. 6), defendants' memorandum in opposition (doc. 8), and plaintiff's reply memorandum (doc. 9). Because there are no genuine issues of material fact that demand resolution, and because we agree with plaintiff's analysis of the applicable law we grant the plaintiff's motion for summary judgment.

This dispute arises out of different interpretations of how the provisions of the

Consumer Credit Protection Act restricting garnishment of wages (15 U.S.C. §§ 1671–1677) should be applied to the following facts.

Beginning on March 31, 1982 the debtor Dana Elliot was subject to a court ordered involuntary wage assignment of $102.00 per pay period for child support pursuant to a decree of divorce or dissolution. On May 6, 1982 U.S. Life Credit Corporation (USLC) recovered a judgment against Dana Elliot in Hamilton County Municipal Court for $871.92 plus costs. In August of 1982 USLC filed for garnishment seeking to have the garnishee, Elliot's employer General Motors Assembly Division in Norwood, Ohio (GM), withhold Elliot's earnings towards payment of the judgment. GM responded that Elliot had disposable earnings of $467.47, twenty-five percent of which amounted to $116.86. GM responded further that $102.00 per pay period was already being withheld for child support and that this left $14.86 available for garnishment under the twenty-five percent cap set forth in 15 U.S.C. § 1673(a). USLC challenged GM's response and on November 19, 1982 the Hamilton County Municipal Court referee filed a report recommending that GM pay into the Court each pay period twenty-five percent of Elliot's total disposable earnings or $116.86. GM filed objections to this report which was nevertheless accepted by Judge Richard A. Niehaus of the Hamilton County Municipal Court.

In February of 1983 USLC again filed garnishment proceedings against GM. Such proceedings arose out of the same judgment. GM responded that Elliot's disposable earnings at this time amounted to $276.96, twenty-five percent of which is $69.24 and that they were already withholding $102.00 per pay period for the wage assignment garnishment. GM contended that in light of § 1673(a) this left nothing for USLC's garnishment. On March 15, 1983 the clerk of the Hamilton County Municipal Court ordered GM to pay $69.24 to the Court in accordance with the previously filed garnishment action. Dana Elliot did not enter an appearance in the garnishment proceedings and, of course, never claimed that the money in the hands of his employer was exempt from execution by operation of 15 U.S.C. § 1673(a).

The Secretary of Labor is entrusted with the enforcement of the sections of the Consumer Credit Protection Act dealing with restrictions on garnishment. *See* 15 U.S.C. § 1676. Here, the Secretary of Labor brings this action for declaratory and injunctive relief claiming that the Hamilton County Municipal Court and its employees are in violation of 15 U.S.C. § 1673(c).[1]

The Secretary reasons as follows: (1) The Court ordered involuntary wage assignment for child support is a "garnishment" under 15 U.S.C. § 1672(c).[2] (2) The facts clearly indicate that the garnishment for support has priority over the creditor garnishment. (3) USLC is entitled to garnish Elliot's wages to the extent that twenty-five percent of his disposable earnings exceeds the prior wage assignment garnishment. (4) The order of the Hamilton County Municipal Court directed the garnishee to withhold amounts, which in conjunction with prior withholdings, were well in excess of the twenty-five percent cap set forth in 15 U.S.C. § 1673(a), and therefore violated § 15 U.S.C. § 1673(c).

The defendants advance no serious arguments against plaintiff's characterization of the wage assignment as a garnishment for the purposes of this statute. Rather, defendants argue that under Ohio law, (Ohio Revised Code § 2329.66(A)(16)), the exemption provided for in 15 U.S.C. § 1673(a) is personal to the debtor and must be demanded by the debtor or is

---

**1.** 15 U.S.C. § 1673(c) provides that "no Court of the United States or any state and no state (or officer or agency thereof), may make, execute, or enforce any order or process in violation of this section."

**2.** 15 U.S.C. § 1672(c) provides that "the term 'garnishment' means any legal or equitable procedure through which the earnings of any individual are required to be withheld for the payment of any debt."

waived.[3] Since Dana Elliot did not enter an appearance in the garnishment proceedings, defendants argue that he has waived his right to the protection of the garnishment restrictions embodied in § 1673(a). Implicit in this argument is the contention that the garnishee GM has no standing to raise the protections embodied in the garnishment restriction sections of the Consumer Credit Protection Act.

 In support of this contention, the defendants rely on *Matavich v. Budak*, 4 Ohio App.3d 228, 447 N.E.2d 1311 (Mahoning County 1982); *Central National Bank v. Broadview Savings & Loan*, 64 Ohio App.2d 133, 411 N.E.2d 840 (Cuyahoga County 1979). After perusal of the authorities cited by the plaintiff we are persuaded that the wage assignment for support issued pursuant to a decree of divorce or dissolution is a "garnishment" as defined by 15 U.S.C. § 1672(c). *See Long Island Trust Co. v. U.S. Postal Service*, 647 F.2d 336 (2d Cir.1981); *Marshall v. District Court for Forty-First-B Judicial District*, 444 F.Supp. 1110 (E.D.Mich.1978). Furthermore, we are convinced, and defendants do not contest the fact that the wage assignment enjoys priority over the creditor's garnishment. Therefore, the dispositive legal issue in this litigation is whether the debtor's failure to claim the exemption under 15 U.S.C. § 1673(a), according to procedures set forth in Ohio Revised Code § 2329.66(A)(13)(b) leaves the debtor's wages without the protection of § 1673(a).

 We agree with the plaintiff that under the Supremacy Clause (Article VI, U.S. Constitution) the garnishment restriction provisions of the Consumer Credit Protection Act preempt state laws insofar as state laws would permit recovery in excess of the twenty-five percent. We first find support for this argument in the language

of the statute. Section 1673(c) is cast in mandatory terms. It reads:

> No court of the United States or any state, and no state (or officer, or agency, thereof), may make, execute, or enforce any order or process in violation of this section.

Additional support is found in 15 U.S.C. § 1671 entitled Congressional Findings and Declaration of Purpose. Section 1671(a)(3) reads:

> The great disparities among the laws of the several States relating to garnishment have, in effect, destroyed the uniformity of the bankruptcy laws and frustrated the purposes thereof in many areas of the country.

We conclude that the interpretation of Ohio Revised Code § 2329.66(A)(16) urged upon us by the defendants would frustrate the purpose of uniformity so explicitly articulated by Congress in the very provisions of the Consumer Credit Protection Act dealt with here.

We agree with the holding of Judge Porter in *Hodgson v. Hamilton Municipal Court*, 349 F.Supp. 1125, 1140 (S.D.Ohio 1972):

> That if the Ohio law ... is construed to permit the subjection to garnishment of a greater amount of an employee's disposal earnings for each pay period then permitted under § 303(a) of Title 3 of the Consumer Credit Protection Act (15 U.S.C. § 1673(a)) it violates federal standards.

We also find the defendants' reliance on recent decisions of Ohio Courts of Appeal to be misplaced. *Central National Bank v. Broadview Savings & Loan*, 64 Ohio App.2d 133, 411 N.E.2d 840 (Cuyahoga County 1979) held:

> [T]hat a garnishee being sued in a collateral action pursuant to R.C. § 2715.33 cannot assert as a defense that the affi-

---

**3.** Ohio Revised Code § 2329.66(A)(16) provides as follows:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:
>
> . . . .

(16) Any other property that is specifically exempted from execution, attachment, garnishment, or sale by federal statutes other than the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C. § 101 *et seq.,* as amended.

davit filed by a plaintiff in the original action did not meet the requirements of R.C. § 2715.01(k). That defense is personal to the defendant in the original action and it can only be raised by the defendant in the original action or it is waived.

64 Ohio App.2d at 138, 411 N.E.2d at 844.

In *Matavich v. Budak*, 4 Ohio App.3d 228, 447 N.E.2d 1311 (Mahoning County 1982), the Court held that the application of Ohio Revised Code § 2329.66 to a case involving the exemption from execution of Social Security funds conditions that exemption on a timely demand by the debtor. If no such demand is made, the Court concluded, it may be impliedly waived. 4 Ohio App.3d at 229, 447 N.E.2d at 1313.

The defendants read these cases as supporting the proposition that the § 1673(a) exemption depends upon demand by the defendant in attachment and is waived if the defendant in attachment does not timely claim exempt from garnishment any amounts in excess of twenty-five percent of his disposable income. We disagree with this proposition as we are of the mind that both *Central National Bank* and *Matavich* are easily distinguishable.

First, *Central National Bank* dealt exclusively with state garnishment proceedings. Because there was no issue of federal preemption involved in *Central National Bank* we seriously question its relevance to this case. *Matavich* did deal with an exemption created by federal statute, specifically, the exemption provided for by 42 U.S.C. § 407 which reads in pertinent part:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a). Conspicuously absent from this section is the mandatory lan-

guage found in 15 U.S.C. § 1673(a) to the effect that:

> *No court* of the United States or of any State, and no State ... *may make, execute, or enforce any order* or process in violation of this section.

*Id.* (emphasis added). Whatever be the appropriate construction of 42 U.S.C. § 407, it is clearly inapposite to a proper construction of the mandatory language of 15 U.S.C. § 1673(a).

■ We conclude that the language of § 1673(a) is self-executing, and that therefore the court order authorizing the withholding of an amount in excess of twenty-five percent of the debtor's disposable income is a violation of this section. We believe that this conclusion is implicit in the holding of Judge Porter's well-reasoned opinion, which he stated as follows:

> [I]f Ohio law, statutory or otherwise, is construed to permit the subjection to garnishment of a greater amount of an employee's disposable earnings for each pay period than permitted under § 303(a) of Title III of the Consumer Credit Protection Act (15 U.S.C. § 1673(a)), it violates federal standards.

*Hodgson v. Hamilton Municipal Court*, 349 F.Supp. 1125, 1140 (S.D.Ohio 1972). Furthermore, we think this conclusion is consistent with the decisions of other federal courts that have considered the issue. *See Long Island Trust Co. v. United States Postal Service*, 647 F.2d 336 (2d Cir.1981); *Marshall v. District Court for Forty-First-B Judicial District*, 444 F.Supp. 1110 (E.D.Mich.1978); *Hodgson v. Hamilton Municipal Court*, 349 F.Supp. 1125, 1140 (S.D.Ohio 1972); *Hodgson v. Cleveland Municipal Court*, 326 F.Supp. 419 (N.D.Ohio 1971). Finally, in reaching this conclusion, we afford the Department of Labor's construction of § 1673(a) the deference to which it is entitled as the interpretation given by the administering agency. *See Griggs v. Duke Power Co.*, 401 U.S. 424, 434, 91 S.Ct. 849, 855, 28 L.Ed.2d 158 (1971); *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

We conclude that because the Hamilton County Municipal Court's approach results in the subjection to garnishment of an amount in excess of twenty-five percent of the wage earner's disposable earnings in any given pay period, this practice violates federal standards.

What remains for this Court to consider is whether an injunction should issue against the Hamilton County Municipal Court and its clerk to permanently enjoin the issuance of any order which has the practical effect of subjecting an amount of greater than twenty-five percent of the wage earner's disposable earnings to garnishment in any given pay period. In *Hodgson*, 349 F.Supp. at 1137, Judge Porter concluded:

> That a permanent injunction against the Hamilton Municipal Court, its judge and clerk would have to issue but for the expression by said defendants of a willingness now and at all times to comply with federal law as declared herein or by higher federal courts....

Judge Porter concluded that an injunction may properly issue notwithstanding the provisions of what is commonly known as the Anti-Injunction statute. 28 U.S.C. § 2283. This conclusion was based on three considerations. First, that § 2283 does not prohibit an injunction against state court proceedings or such as expressly authorized by Congress. In this regard Judge Porter concluded that §§ 1673(c) and 1676 may be fairly read to constitute such express authorization. Secondly, Judge Porter noted that:

> The Supreme Court has ruled that injunctive suits brought by the United States are not barred by 28 U.S.C. § 2283.

349 F.Supp. at 1137 citing *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957). Finally, Judge Porter concluded that the Consumer Credit Protection Act "can be given its intended scope only by the stay of state court proceedings if that is necessary." 349 F.Supp. at 1137.

We believe the issuance of an injunction is proper in this case. We note that this is the same court as that involved in *Hodgson*. That case was resolved absent the issuance of an injunction due to the Court's acknowledgement that the parties expressed a willingness to abide by the law as declared by the federal court. Here we have no such assurances, and due to the fact that the Hamilton County Municipal Court is raising similar issues at this later date we conclude that injunctive relief is necessary.

Accordingly, the Hamilton County Municipal Court, its clerk and its employees are hereby enjoined from issuing garnishment orders that, alone or in conjunction with pre-existing garnishments, subject to garnishment an amount in excess of twenty-five percent of the debtor's disposable earnings in any given pay period, notwithstanding the fact that the debtor may not have claimed the exemption provided for in § 1673(a). This injunction will remain in full force and effect until further order of this Court.

SO ORDERED.