OPINION
This is an accelerated appeal taken from a final judgment of the Geauga County Court of Common Pleas. Appellants, Renato Cromaz and Annette Cromaz, appeal from the trial court's order of confirmation and distribution of proceeds from a foreclosure sale.
On May 3, 1996, appellees, Jeffrey P. Johnson and Christine A. Johnson, filed an action to foreclose upon a residential property owned and occupied by appellants. The property was located in Chesterland, Ohio. Appellees had previously obtained a $300,000 judgment against Renato Cromaz in the Cuyahoga County Court of Common Pleas. The judgment went unsatisfied. As a result, appellees had the judgment certified as a lien against the Chesterland property and eventually instituted the foreclosure proceeding on the basis of that judgment lien.
The foreclosure complaint designated numerous parties as defendants. The named defendants included Renato Cromaz, Annette Cromaz, two banks who held mortgages on the premises, the Ohio Department of Taxation, the Geauga County Treasurer, and various other creditors who claimed to have an interest in the premises by virtue of a judgment lien. Attached to the complaint was a preliminary judicial report prepared by a title company which described the nature and amount of the bank mortgages and the liens against the property held by the judgment creditors who had been named as additional party-defendants.
Two copies of the summons and complaint were served upon appellants by certified mail. The record reflects that Annette Cromaz signed both return receipts on May 7, 1996. Pursuant to Civ.R. 12(A), appellants had twenty-eight days within which to file an answer to the complaint. On June 10, 1996, the trial court granted appellants additional time to answer the complaint. By leave of the trial court, they were given until July 5, 1996 in which to plead or otherwise respond. Neither Renato Cromaz nor Annette Cromaz, however, ever filed an answer to the foreclosure complaint.
On August 6, 1996, appellees applied for default judgment to be entered against appellants pursuant to Civ.R. 55. In their application, appellees asked the trial court to find appellants to be in default of answer and to commence the foreclosure of the property. Upon consideration of the application, the trial court found appellants to be in default for failure to answer and entered judgment on behalf of appellees in the amount of $300,000 plus interest and costs.[1]
Following the entry of the default judgment, the trial court issued a foreclosure decree on September 27, 1996 ordering that all valid liens be marshaled and that the property be sold at sheriff's sale. At that point, the only interest in the property retained by appellants was the equity of redemption.
The trial court thereafter issued an order of sale to the Geauga County Sheriff. The premises were appraised and notice of the public sale was published in a local newspaper. The sale was scheduled to take place on December 26, 1996. Two days before that, however, Renato Cromaz filed a Chapter 13 petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio. This had the effect of staying not only the public sale, but all further proceedings in the foreclosure action.
On August 20, 1997, the Bankruptcy Court issued an order terminating the automatic stay and abandoning the property. This allowed the foreclosure action to proceed. Accordingly, appellees moved the trial court to reinstate the foreclosure action upon its active docket.
The trial court granted the motion to reinstate and then issued an alias order of sale to the Geauga County Sheriff on November 3, 1997. The premises were reappraised, and notice of the public sale was published. On December 26, 1997, the property was sold to Jerry Hudak, the nominee of appellees, for $127,000.
On January 22, 1998, appellees filed a motion requesting the trial court to confirm the sale of the property. The matter was scheduled for a hearing on March 16, 1998.
On March 13, 1998, appellants jointly filed a "Motion to Participate in Distribution of Sale Proceeds." In this motion, appellants made a twofold claim with respect to the proceeds derived from the sale of the foreclosed premises, to wit: (1) that Renato Cromaz was entitled to a homestead exemption in the amount of $5,000 pursuant to R.C. 2329.66(A)(1)(b); and (2) that Annette Cromaz was entitled to one-half of the remaining proceeds following the payment of all court costs, the payment of back property taxes, and the satisfaction of all sums due under the two bank mortgages.
The trial court denied appellants' motion by judgment entry on April 2, 1998. In doing so, the trial court reasoned that appellants' failure to answer or otherwise respond to the foreclosure complaint constituted a waiver of any interest they might have possessed in the property. The trial court essentially concluded that once the default judgment of foreclosure was entered, any request thereafter by appellants to participate in the distribution of the sale proceeds was untimely.
On April 10, 1998, the trial court issued an order confirming the sheriff's sale and distributing the proceeds. In the entry, the trial court identified those creditors who were entitled to a share of the sale proceeds and prioritized payment of the liens.
From the April 2 and April 10, 1998 judgments, appellants filed a timely notice of appeal with this court. They now assert the following assignments of error:
 "[1.] The Trial Court erred in denying Appellants' Motion to Amend Judgment.
 "[2.] The Trial Court erred in denying Appellants' Motion to Participate in Distribution [of] Sheriff's Sale Proceeds.
 "[3.] The Trial Court erred in confirming the Sheriff's sale and ordering distribution of sale proceeds."
 In their first assignment of error, appellants state that the trial court erred by denying a purported "Motion to Amend Judgment." Appellants basically claim that following the sheriff's sale, but before the confirmation of said sale, they filed two motions for the trial court's consideration: (1) a motion to amend the default judgment; and (2) a motion to participate in the distribution of the sale proceeds.
The record, however, does not reflect this. It contains only the latter motion, not the former. There is no document captioned "Motion to Amend Judgment" in the trial court file. Appellants' argument before this court relates solely to their right to participate in the distribution of the proceeds from the sheriff's sale. This will be addressed in our discussion of the next assignment of error.
Under the Rules of Appellate Procedure, appellants should not have assigned the first proposed error because the record does not contain any motion styled as a "Motion to Amend Judgment." See App.R. 16(A)(3) (requiring the appellant to refer to the place in the record where each assignment of error is reflected). Appellants' first assignment must be deemed meritless simply because the record does not demonstrate that any such motion was ever filed.
In their second assignment of error, appellants posit that the trial court erred by denying their motion to participate in the distribution of the sale proceeds. Appellants maintain that the trial court should have awarded them their rightful shares of this money.
As indicated previously, Renato Cromaz and Annette Cromaz set forth different grounds upon which each claimed to be entitled to share in the distribution of the sale proceeds. We will examine each party's argument in turn.
In the motion to participate in the distribution of the sale proceeds, Renato Cromaz claimed that he was entitled to $5,000 in the form of a homestead exemption under R.C. 2329.66(A)(1)(b). This statute provides:
 "(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
"(1)(a) * * *
 "(b)In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence."
 Although the homestead exemption of R.C. 2329.66(A)(1)(b) is generally applicable in executions against real property in state court, it is not available when there is a mortgage or other security interest attached to the residential premises sought to be exempted. See R.C. 2329.661. See, also, Cactus Capital Co. v. Mekong Market, Inc. (Apr. 5, 1997), Franklin App. Nos. 96APE08-1031 and 96APE09-1250, unreported. See, generally, Norwalk Area Fed. Credit Union v. Thompson (July 12, 1991), Huron App. No. H-90-51, unreported (holding that the exemptions of R.C. 2329.66 are not available when there is a security interest attached to the article sought to be exempted).
An exemption under R.C. 2329.66(A) is a nontransferable, personal right. It must be timely asserted and proved by the person claiming the exemption. Cactus Capital, supra. With respect to the homestead exemption, the time for asserting the right recognized by R.C. 2329.66(A)(1)(b) is prior to the foreclosure sale. Id., citing Sears v. Hanks (1863), 14 Ohio St. 298, paragraph two of the syllabus, and Gledhill v. Walker (1944),143 Ohio St. 381, 385-386, 55 N.E.2d 647. The failure to claim the right in a timely fashion constitutes a waiver of the homestead exemption. Cactus Capital, supra. See, also, Matavichv. Budak (1982), 4 Ohio App.3d 228, 229-230, 447 N.E.2d 1311
(holding that an exemption for social security funds on deposit with a bank could be waived by the debtor's inaction following notice of attachment proceedings).
In the case sub judice, Renato Cromaz did not assert any right to the homestead exemption until after the property had been foreclosed upon and sold at the sheriff's sale. Thus, we need not decide whether he was entitled to claim the $5,000 exemption because his demand was not timely filed.
We turn now to the ground set forth by Annette Cromaz in the motion to participate in the distribution of the sale proceeds. In this motion, she claimed to be entitled to one-half of the proceeds remaining from the sheriff's sale following the payment of court costs, property taxes, and the two bank mortgages associated with the property.
Appellees filed a memorandum in opposition to appellants' motion to participate in the distribution of the sale proceeds. In doing so, they relied heavily upon the case of Chilcote v.Hanks (July 15, 1986), Franklin App. No. 86AP-33, unreported, to refute Annette Cromaz's claimed interest in the sale proceeds. Although the trial court did not expressly cite Chilcote when overruling the motion, it appears to have essentially adopted the reasoning employed therein.
In Chilcote, the plaintiff filed an action to foreclose upon real estate based upon a cognovit promissory note that had been executed by the defendant-husband. The defendant-wife was also named in the foreclosure action. Neither the husband nor the wife filed an answer, and the trial court ultimately granted default judgment in favor of the plaintiff. The premises were seized and sold at sheriff's sale. Thereafter, the wife filed a Civ.R. 60(B) motion for relief from the judgment wherein the trial court had confirmed the sale. The trial court denied the motion.
On appeal, the wife asserted that the trial court should have granted her relief under Civ.R. 60(B) because she had a tenancy by the entireties ownership interest in the property. The court of appeals, however, rejected her argument and affirmed the judgment of the trial court. In doing so, the appellate court observed:
 "The record does not show evidence of such ownership. Defendant's motion to the trial court for vacation of the judgment was not supported by any signed affidavit in support to demonstrate such claim and the motion did not contain a copy of the alleged tenancy by the entireties deed."
Thus, the Chilcote court relied on the fact that the wife's alleged interest in the property was not demonstrated by the record. As a result, there was no evidentiary support of any interest in the property as a basis for granting the wife relief from the judgment confirming the foreclosure sale.
We, however, distinguish Chilcote from the case sub judice. In contrast to the wife's unsupported claim of an ownership interest in Chilcote, the record in the instant appeal does contain evidence to support that Annette Cromaz was a title owner of the premises.
In fact, appellees actually conceded that Annette Cromaz was an owner of the property in their original foreclosure complaint. In paragraph two of that document, appellees alleged that "Defendants, Renato and Annette Cromaz, are the owners of certain real property described in the records of Geauga County * * *." Moreover, appellees attached a preliminary judicial report to their complaint which stated that "the title to the premises hereinafter described, as appears from said records, is at the date hereof good in Renato Cromaz and Annette Cromaz[.]"
Under Civ.R. 55(A), default judgment is proper when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" By not answering the complaint, a defendant fails to plead or otherwise defend. Civ.R. 55 is logically consistent with Civ.R. 8(D), which provides in pertinent part: "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading." Ohio Valley Radiology Assocs., Inc. v. OhioValley Hosp. Assn. (1986), 28 Ohio St.3d 118, 121,502 N.E.2d 599. Default judgment is appropriate because liability has been admitted or "confessed" by the omission of statements in a pleading (e.g., an answer) refuting the plaintiff's claims. Reesev. Proppe (1981), 3 Ohio App.3d 103, 105, 443 N.E.2d 992. In such a scenario, the trial court accepts the allegations in the plaintiff's complaint at face value.
In the case at bar, therefore, the trial court was obligated to accept the allegations set forth in the foreclosure complaint and cross claims upon granting default judgment in favor of appellees. One of those allegations was that the premises were owned by and titled in the names of both Renato Cromaz and Annette Cromaz. Consequently, the trial court certainly should have been on notice that Annette Cromaz had an ownership interest before the issuance of the foreclosure decree and the subsequent sale of the property.
As a general matter, we agree that Annette Cromaz would not be entitled to participate in the distribution of the sale proceeds if her interest in the property had not been asserted prior to the sheriff's sale. Ideally, she would have asserted this interest herself by filing a proper answer to the foreclosure complaint within the time allowed by the Ohio Rules of Civil Procedure. Although she did not file an answer, the fact that Annette Cromaz was a title owner had already been conceded by appellees in the foreclosure complaint and was not contested by any party to this action. Appellees asserted the interest for her. Evidence presented by any party may be considered by the court.
Furthermore, by failing to answer, Annette Cromaz only conceded that appellees were judgment creditors of Renato Cromaz. Nothing in appellees' complaint indicated that Annette Cromaz owed appellees $300,000 or any amount. The judgment entry from the Cuyahoga County Court of Common Pleas, attached to the complaint, is a judgment against Renato Cromaz, not Annette Cromaz. Thus, Annette Cromaz has neither admitted, by failing to answer the complaint, to being a judgment debtor to appellees nor was any evidence presented to indicate that she was a judgment debtor to appellees. "It is well-settled in Ohio that a default judgment is improper when the complaint fails to state a cause of action against the defaulting defendant." Buckeye Supply Co. v.Northeast Drilling Co. (1985), 24 Ohio App.3d 134, 135,493 N.E.2d 964. Before rendering default judgment, the court is required to determine whether the complaint states a cause of action.Kasputis v. Blystone (Apr. 20, 1990), Ashtabula App. No. 88-A-1416, unreported. Because appellees did not allege in the complaint that Annette Cromaz was a judgment debtor, they did not state a cause of action against her.
There is no lesser burden of proof required in default judgment cases than in non-default cases. Mid-American Acceptance Co. v.Reedy (June 29, 1990), Lake App. No. 89-L-14-072, unreported. Appellees presented no valid evidence to support the judgment entered in their favor against Annette Cromaz. The trial court, therefore, erred by entering judgment against both Cromazes in favor of appellees and by concluding that appellees were judgment creditors of both Annette and Renato Cromaz.
As a result, Annette Cromaz's default of answer was not dispositive and did not preclude the subsequent recognition of her right to participate in the distribution of the sale proceeds. The trial court should have accorded Annette Cromaz the opportunity to participate in the disbursement of the funds raised by the foreclosure sale, notwithstanding her technical default for failure to answer the complaint.
In the motion to participate in the distribution of the sale proceeds, Annette Cromaz claimed to be entitled to one half of the money remaining after the payment of court costs, property taxes, two bank mortgages, and two tax liens. We do not reach the issue of how much she may be entitled to from the distribution of sale proceeds; that is a question for the trial court to address on remand. After consideration of the pleadings and the evidence of record, the court must marshal the liens presented as they attach to the individual interests of Renato Cromaz and Annette Cromaz and order distribution accordingly.
Thus, we hold that the trial court erred, in part, by denying appellants' joint motion to participate in the distribution of the sale proceeds. With respect to Renato Cromaz, we conclude that the trial court properly denied his request to share in the proceeds because whatever statutory interest he may have had in the property, via the homestead exemption, was waived. With regard to Annette Cromaz, however, we determine that the trial court improperly denied her request to share in the monetary distribution. Although she never asserted her own interest by filing an answer in response to the foreclosure complaint, her legal and equitable interest in the real property was conceded by appellees in the complaint. Except for the contradictory and obviously erroneous affidavit of appellees' counsel, no other judgment creditor alleged or presented evidence, other than the mortgages and tax liens, of a claim against her interest. Appellants' second assignment is well-taken to the extent indicated.
In their third and final assignment of error, appellants suggest that the trial court erred in confirming the sheriff's sale and distributing the proceeds. This proposition is phrased in part to suggest that the trial court may have erred in confirming the foreclosure sale. In reality, however, appellants only challenge the trial court's distribution of the sale proceeds on the same grounds relied upon in the second assignment of error. As such, the third assignment is duplicative and need not be addressed.
Based on the foregoing analysis, appellants' second assignment of error has merit to the extent indicated. Accordingly, the judgment of the trial court is reversed, and the cause is hereby remanded for further proceedings consistent with this opinion.
CHRISTLEY, P.J., dissents with Dissenting Opinion,
O'NEILL, J., concurs.
[1] Although not raised by the parties on appeal, we feel compelled to make an observation about the default judgment entered by the trial court. In the judgment entry granting the default application, the trial court wrote that appellees were "granted judgment by default against Defendants Renato Cromaz and Annette Cromaz in the amount of $300,000.00 plus interest in the amount of 10% from November 16, 1993, plus costs and reasonable attorney's fees in the amount of $6,000.00"
This appears to be clear error on the part of the trial court. The $300,000 and accompanying interest and attorney fees were predicated upon the judgment that appellees had previously obtained against Renato Cromaz in the Cuyahoga County Court of Common Pleas. This judgment had been rendered against Renato Cromaz, not Annette Cromaz. The trial court erroneously converted it into a judgment against both parties, thereby establishing the possibility that Annette Cromaz could be held liable for her husband's debts in the form of a deficiency judgment.
Although a copy of the Cuyahoga County judgment was attached to the original foreclosure complaint, the trial court was apparently led astray by an affidavit submitted by appellees' attorney in relation to the default judgment application. In this affidavit, the attorney averred that appellees had obtained the Cuyahoga County judgment against both Renato Cromaz and Annette Cromaz. We have no way of knowing whether the false averment in the affidavit was inadvertent or intentional, but it appears to have contributed to the trial court's subsequent misstatement in the default judgment entry.
 DISSENTING OPINION