**FIRST-FARMERS NATIONAL BANK v GILBERT**

Ohio Appeals, 2nd Dist, Darke Co

No 417. Decided Dec 8, 1932

Billingsley & Mannix, Greenville, for plaintiff in error.

John M. Hoel, Greenville, and L. E. Kerlin, Greenville, for defendant in error.

ALLREAD, PJ.

The main question presented is as to whether there was an agreement between the Bank and Gilbert whereby the Bank was to receive and pay the checks of Spidel and Company or whether they were received as ordinary deposits without such agreement. Gilbert testifies in favor of the agreement and there is some other testimony to the same effect. The banking officials testified to the contrary. It was, therefore, for the jury to determine as to which one of the respective parties was entitled to a finding in their favor. The jury having found in favor of the plaintiff that verdict cannot be set aside unless it is contrary to the weight of the evidence, which we are unable to find.

A number of authorities are cited upon each side. The case of **Railway Company v Bank, 54 Oh St, 60** defines the rights of ordinary depositors. In the case of **Petrie v Savings Bank Company, 8 Oh Ap, 266** it was held by the Court of Appeals:

"(1) A deposit of a check in one of the branch banks of the banking company upon which it is drawn is the equivalent of depositing it in such company's main bank. This is true without regard to what the practice may be with reference to putting through the clearing house checks deposited in the branch banks.

(2) Where a person in whose favor a check is drawn deposits such check in the bank upon which it is drawn, and the bank passes to the credit of such person in his checking account the amount of the check, such action on the part of the bank amounts not only to an acceptance but also to a payment of the check."

Under the authority of this case the check of Gilbert was paid and properly credited to his bank account. We think the law of the case was properly given by the trial court to the jury and that the jury was justified in returning its verdict in favor of Gilbert. The fact that Gilbert withdrew the checks for the purposes of an attachment and then he returned the checks is to be construed with reference to

the testimony on that subject and not conclusion against the right of Gilbert to maintain the action. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.