CENTRAL LOAN, INC., Plaintiff-Appellant, v. FARMERS AND MERCHANTS BANK, Defendant-Appellee.

Ohio Appeals, Second District, Greene County.

No. 579. Decided November 26, 1957.

Schlafman & Elliott, Fairborn, By Merritt E. Schlafman, of Counsel, for plaintiff-appellant.

Smith, McAllister & Gibney, Xenia, By John V. Gibney, of Counsel, for defendant-appellee.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from an order of the trial court sustaining defendant's motion for new trial after the court had instructed the jury to return a verdict for plaintiff in the sum of $2,286.59 with interest and costs.

Plaintiff's action was predicated upon the following facts. On and prior to December 1954, plaintiff and Fairborn Appliance, Inc., for which Randall E. Hedrick was authorized to act, were depositors in defendant bank.

On December 22, 1954, Hedrick gave to plaintiff a check payable to it drawn upon the Xenia National Bank, Xenia, Ohio, in the sum of $435.00. On December 23, 1954, plaintiff deposited this check in the defendant bank and the amount thereof was credited to the account of the plaintiff in defendant bank. This check is plaintiff's Exhibit B.

On December 29, 1954, plaintiff was payee on another check drawn on defendant bank made by Fairborn Appliance, Inc. over the signature of Randall E. Hedrick in the sum of $2,488.00.

On December 30, 1954, plaintiff deposited this check in defendant bank which was credited in the amount thereof to its account. This check is plaintiff's Exhibit A.

On December 31, 1954, Fairborn Appliance, Inc. over the signature of Randall E. Hedrick, made and delivered to plaintiff a check drawn on defendant bank for $1,055.30, which on January 4, 1955 was deposited with defendant bank and plaintiff was credited in that amount in its account. This check is plaintiff's Exhibit C.

Plaintiff claims that the defendant had accepted check, Exhibit B by allowing more than 24 hours to elapse from the presentment for payment before debiting plaintiff's account.

It further appears and is pleaded that on January 5, 1955, defendant debited plaintiff's account in its bank in the amount of $3,978.30, the sum total of the foregoing three checks, claiming that the checks were not good and that the defendant had the right to charge the amount thereof back to plaintiff's account.

On January 10, 1955, defendant credited plaintiff's account in the amount of $1,691.71 partial payment of the total debit against it and applied this sum in full payment of check Exhibit B, $435.00 and $1,055.30, the amount of the second check, Exhibit C and applied the sum of $240.00 the balance remaining of the $1691.71, to Exhibit A, $2,488.00, leaving a

balance of the debit against plaintiff, according to the computation of defendant bank, in the amount of $2,286.59 for which sum plaintiff prayed judgment.

Plaintiff claims that as all checks were accepted by defendant bank and the amounts thereof were credited to plaintiff's account in said bank, it constituted payment of said checks against which the debit against its account could not legally be made.

Defendant answering says that it admits that the plaintiff maintains a checking account in its bank. That the checks were issued as set out in the petition. That it debited the plaintiff's account in the amount of $3,978.30, the sum total of the three checks. That it thereafter, on January 10, 1955, credited plaintiff in the amount of $1,691.71: avers that it had the right to charge the account of said three checks back to plaintiff's account. Other allegations of the petition were generally denied.

The cause came on to be tried to a jury and the evidence developed the facts on behalf of plaintiff substantially as alleged in its petition. Defendant offered as a part of its case the testimony of Mr. Scarborough, Cashier of defendant bank, "that check, Exhibit B, $435.00, was deposited with defendant bank on December 23 and sent through its normal channels for collection and on January 3 returned by the Xenia National Bank through the Fifth Third Union Trust Company, Cincinnati, Ohio, "Drawn against uncollected funds." This testimony was accepted. Then, defendant proffered the testimony of its officer to the effect that on January 3, 1955, he called Mr. Wilson, who is the Manager of plaintiff company, and "informed him that Check Exhibit B had been returned and that Mr. Wilson directed him to hold the check or that he would get in touch with Mr. Hedrick of Fairborn Appliance, and have him come and make the deposit or he himself would come in and sign a debit memo and pick the check up." The trial judge refused to accept this testimony.

Defendant also offered to show that on each of the other checks within 24 hours after presentment to the bank, plaintiff, through its General Manager "was notified by telephone by the Cashier of the defendant bank and that on January 5, 1955, the General Manager of the Plaintiff initialed debit memos charging the plaintiff's account with the three checks set forth in the petition; that on January 10, 1955, Fairborn Appliance's account had a balance of the credit shown in plaintiff's petition which credit was given to plaintiff's debits." Apparently, this testimony was not received.

The deposit slips with which the checks were deposited with defendant bank were offered by both parties and admitted. It was further developed that at the time the checks were debited against the account of plaintiff, the Fairborn Appliance, Inc. account with the defendant was overdrawn.

Defendant moved for a new trial on the grounds "that the final order and judgment is not sustained by the evidence or is contrary to law. Error of law occurring at the trial and excepted to by the defendant."

The trial judge upon consideration of the motion handed down an extended opinion quoting many of the statutes of the Commercial Transaction Title, of the Revised Code and reviewing many of the applicable authorities and granted the motion for new trial.

The contention of the appellant is that the trial judge abused his discretion in granting the motion. **Webster v. The Pullman Co., 51 Oh Ap 131.**

Appellant, in the trial court and here, cites and relies on **Petrie v. Savings Bank, 8 Oh Ap 266; Providence Savings Bank and Trust Co., v. Hildebrand, 49 Oh Ap 207; First Farmers National Bank v. Gilbert, 13 Abs 514; Taft, et al. v. Guardian Trust Co., 17 Abs 54;** Carter v. Tyler Bank & Trust Co., 132 Fed. Suppl 495, and certain sections of the Banking Act.

Appellee cites and relies upon **The Elyria Savings & Banking Co. v. Walker Bin Co., 92 Oh St 406; The Smith & Setron Printing Co. v. The State, ex rel. Fulton, Supt. of Banks, 40 Oh Ap 32;** §1305.12 R. C.

The trial judge in his decision granting the motion for a new trial was of the opinion that the deposit slip which was employed in each instance when the checks were deposited constituted a contract respecting the rights of the parties as to the handling of the checks and that upon the evidence which was accepted and that which was proferred by the defendant, there was a question of fact for determination of the jury.

The deposit slip reads:

"Farmers and Merchants Bank
Fairborn, Ohio

"In receiving items for deposit or collection, this bank acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits. This bank will not be liable for default or negligence of its duly selected correspondents nor for losses in transit. And each correspondent so selected shall not be liable except for its own negligence. This bank or its correspondents may send items directly or indirectly to any bank including the payor. And accept its draft or credit as conditional payment in lieu of cash. It may charge back any item at any time before final payment whether returned or not. Also, any item drawn on this bank not good at close of business on day deposited.

| Date | Amount |
|------|--------|

This is a Receipt
for your Deposit"

Insofar as this deposit slip has application to the deposits of the three checks in question, it became a part of the contract under which the checks were tendered and accepted by the bank.

The general rule controlling the relation between banker and depositor is well-stated in 9 C. J S. 547, Paragraph 267-C:

"The parties may contract as to the terms and conditions under which the bank will handle a deposit, and, in the absence of a violation

of statute or other rule of law, a bank deposit is subject to any agreement that the depositor and banker may make with regard to it, so long as the rights of third persons are not injuriously affected."

As to a deposit for collection, it is said in 9 C. J. S. 583, Paragraph 280:

"One depositing a check or other paper for collection, ordinarily creates the relation of principal and agent between himself and the bank, although after collection the funds will as a rule become a general deposit creating the relationship of creditor and debtor between depositor and bank; and, where paper deposited for collection is forthwith credited to the depositor's account, the relationship of the parties is that of creditor and debtor and not principal and agent."

The cases cited by appellant all involved deposits of checks which were credited to the payee without any contract between the parties other than the implied contract created by the applicable statutes and custom in banking. The deposits here must be considered in the light of the express contract between the parties and their respective acts pursuant thereto.

Upon the element of time as presented by the record there was a period of some 13 days between the credit by the bank of the first check for $435.00 and the debiting of plaintiff's account. The time was shorter, but appreciable, between the crediting of the other two checks and the debiting against them. However, defendant's agent proferred testimony that the fact that the second and third checks were not good was transmitted to plaintiff by telephone shortly after they had been credited This, of course, did not become an issue because of the directed verdict

That part of the deposit slip which has reference to the checks drawn on defendant bank is as follows:

"In receiving items for deposit * * *, this bank acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits. * * *"

"It" (the bank) "may charge back at any time any items drawn on this bank not good at close of business on day deposited."

The other part of the deposit slip which is not immediately quoted has application only to deposits left for collection which would relate to the first check in the sum of $435.00.

There then arose upon the evidence submitted and the evidence proferred a factual question as to the rights of the parties respecting the checks and their handling under the applicable provisions of the Code, in the light of the specific contract between the parties, by reason of the terms of the deposit slip. Did the bank exercise "due care" within the meaning of the deposit slip in the manner in which it treated the deposit and debited the checks?

The trial judge was correct in holding that he had committed an error of law in sustaining the motion of plaintiff for a directed verdict and in granting the motion for new trial did not abuse his discretion.

The case of the Provident Savings and Trust Co. v. Hildebrand, supra, cited by appellant, recognizes (page 208) that:

"There was no evidence of any agreement between defendant in error and the bank that the check was deposited for collection, or for any other purpose than as an unconditional credit to the account of defendant in error, which then executed amounted to complete payment of the check."

The court held that the transaction was completed as between the bank and depositor and that it was liable to the depositor.

In **Paige v. Springfield National Bank, 12 Oh Ap 196**, Judge Richards, sitting by assignment in this district said, at page 202 of the opinion:

"We think there can be no question that if a bank credits a depositor with the amount of the check drawn upon it by another customer, and there is no want of good faith on the part of the depositor, the act of the bank in giving the credit is equivalent to a payment in money, if nothing is said to indicate a different result, even though the bank should later ascertain that the drawer of the check was without funds to meet the same; but it is also true that the bank could have received the check conditionally. 3 Ruling Case Law, 526."

The Court held that:

"Whether the bank in such case (under the facts appearing) assumed the duties of a collection agent is a mixed question of law and fact, to be determined by the jury under appropriate instructions of the court as to the law."

The most favorable case for appellant is Carter et al v. Tyler Bank & Trust Co., 132 Fed. Supp. 495 (U. S. District Court, Texas) where it was held that a drawee, collector bank, was liable on four drafts which it held for four days before returning them as uncollectible, although it was shown that in the delay the bank was following a banking custom.

In the leading Ohio case of **Petrie v. Garfield Savings Bank, et al, 8 Oh Ap 266**, no question of collateral agreement between the bank and the depositor was raised. The payee and the maker were depositors in the defendant bank upon which the check was drawn and the bank passed it to the credit of the checking account of the depositor. It was held that such action on the part of the bank amounted not only to an acceptance but also to a payment of the check. But for the contract in this case, evidenced by the deposit slips, the Petrie case and the Provident Savings Bank & Trust Co. case would have application.

We do not discuss, because defendant is not an appellant, its contention, in the motion for new trial, that it had the right to introduce testimony purposed to show an accord and satisfaction between the parties. Nor, do we discuss, because not vital to the broad question presented by the appeal, the specific issues that may be drawn as to the extent to which the defendant will be entitled to debit plaintiff's account on the checks sued upon.

The judgment will be affirmed.

WISEMAN and CRAWFORD, JJ, concur.