CENTRAL NATIONAL BANK, APPELLEE, *v.*
BROADVIEW SAVINGS AND LOAN COMPANY, APPELLANT.

(No. 37833—Decided May 17, 1979.)

*Weltman, Roth, Strachan & Green Co., L.P.A.,* and *Mr. Alan H. Weinberg,* for appellee.

*Messrs. Csank, Csank & Coaxum* and *Mr. George S. Coakley,* for appellant.

PARRINO, P. J.   This is an appeal by the defendant of a judgment entered for plaintiff in the Cleveland Municipal Court. There are two issues presented for our review: (1) Whether a garnishee in a collateral proceeding may attack the sufficiency of an affidavit filed in the original action against the debtor and (2) whether funds held in escrow are subject to prejudgment attachment. We reverse.

On February 13, 1976, appellee Central National Bank filed a lawsuit in Cleveland Municipal Court to collect an unpaid Master Charge account from Arthur and Willow Bostick. (Central National Bank v. Arthur and Willow Bostick, No. 76 CVH 4335.) Also on February 13, 1976, in conjunction with

the same lawsuit, appellee filed an affidavit for an attachment before judgment to be served on the appellant, Broadview Savings and Loan Company. The affidavit in attachment cited subsection (K) of R. C. 2715.01 as the grounds upon which the attachment was proceeding. The Order of Attachment and Notice to Garnishee was served on appellant on February 13, 1976, at approximately 11 a.m. Thereafter, but also on February 13, 1976, appellant, by its assistant secretary, sent the Clerk of Courts of Cleveland Municipal Court a letter indicating that appellant had no assets listed in the name of Arthur and Willow Bostick. This is the only action appellant took in response to the Order of Attachment and Notice to Garnishee.

Previously, appellant, as escrow agent, had come into possession of $16,700 and an executed deed in a transaction for the sale of the Bosticks' home. The deed was executed by the Bosticks and delivered to Broadview on February 7, 1976. On February 12, 1976, the $16,700 was delivered to the escrow agent, Broadview. The deed in question was filed for record on February 13, 1976, at 3:53 p.m. Subsequently, the $16,700 was paid to the Bosticks by appellant; none of the money was withheld to satisfy the order of attachment.

Thereafter, on June 16, 1976, the original lawsuit, Central National Bank v. Arthur and Willow Bostick, proceeded to a default hearing at which time a judgment was rendered in favor of appellee Central National Bank in the amount of $1,215.85, with interest and costs. The Order of Attachment and Notice to Garnishee was discharged because of the appellant's letter to the court dated February 13, 1976.

On September 20, 1976, Central National Bank commenced the instant action in Cleveland Municipal Court, alleging that Broadview Savings and Loan Company had possession of funds belonging to Arthur and Willow Bostick when it was served with the Order of Attachment and Notice to Garnishee, on February 13, 1976 at 11 a.m. The complaint further alleged that Broadview Savings and Loan Company failed to honor the attachment before the judgment was rendered and therefore Central National Bank was entitled to collect $1,267.35 from Broadview Savings and Loan Company.

Appellant filed an answer and an amended answer in which it denied that it had possession of the Bosticks' funds on

February 13, 1976, and alleged that the complaint failed to state a claim upon which relief could be granted.

The parties agreed to submit the cause to the trial court on stipulations and briefs.

On April 6, 1977, the trial court found for the appellee in the amount of $1,267.35, with interest and costs.

Broadview Savings and Loan Company timely brought this appeal citing one assignment of error:

"The trial court's judgment of April 16, 1977 rendered for plaintiff-appellee against defendant-appellant is contrary to law."

Appellant's assignment of error is divided into two separate arguments:

"I. Central failed to allege a valid cause of action against Broadview (A) Because there was no basis for a cause of action under Section 2715.33 and (B) because Central's complaint against Broadview omitted an indispensable allegation: i.e., that its claim against the Bosticks was for 'work, labor or necessaries.' "

R. C. 2715.01 *et seq.* sets out the grounds and procedures for attachment. R. C. 2715.01(K), upon which appellee relied in this case, states:

"In a civil action for the recovery of money, at or after its commencement, the plaintiff may have an attachment against the property, other than personal earnings, of the defendant upon any one of the following grounds:

" * * *

"(K) That the claim is for work or labor, or for necessaries."

R. C. 2715.03 outlines the procedure for obtaining an order of attachment:

"*Affidavit for order of attachment; contents.*

"An order of attachment shall be made by the clerk of the court in which the action is brought, in any case mentioned in section 2715.01 of the Revised Code, when there is filed in his office an affidavit of the plaintiff, his agent, or attorney, showing:

"(A) The nature of the plaintiff's claim;

"(B) That it is just;

"(C) The amount which the affiant believes the plaintiff ought to recover;

"(D) The existence of any one of the grounds for an attachment enumerated in such section.

"Such affidavit may be made before any person authorized to administer oaths whether an attorney in the case or not."

R. C. 2715.33 then outlines the procedure the plaintiff must follow when the garnishee does not respond, responds unsatisfactorily, or ignores the order of the court:

"If the garnishee fails to appear and answer as required by section 2715.29 of the Revised Code, or if he appears and answers and his disclosure is not satisfactory to the plaintiff, or if he fails to comply with the order of the court to deliver the property and pay the money owing into court, or to give the bond required in section 2715.32 of the Revised Code, the plaintiff may proceed against him by civil action. Thereupon such proceedings may be had as in other actions. Judgment may be rendered in favor of the plaintiff for the amount of property and credits of the defendant in possession of the garnishee, for what may appear to be owing by him to the defendant, and for the costs of the proceedings against the garnishee."

Therefore, the proper procedure for a plaintiff to follow in such an attachment is to (1) file a lawsuit to collect the debt owed; (2) file an affidavit with the clerk of courts pursuant to R. C. 2715.03 in which plaintiff states the grounds for attachment; and (3) if the garnishee fails to appear and respond, answers unsatisfactorily, fails to comply with the order of the court, or fails to give bond, file a suit against the garnishee as provided in R. C. 2715.33.

In the instant cause, Central National Bank (1) filed a lawsuit against Arthur and Willow Bostick in Cleveland Municipal Court; (2) filed an affidavit on a form provided by the court, in which it cited R. C. 2715.01(K) as its grounds for attachment; and (3) upon the garnishee's allegedly inadequate response (and having taken the original suit to final judgment) filed suit against the garnishee.

Appellant, however, contends that because appellee merely alleged that the grounds for attachment were "work, labor, or for necessaries" and that these grounds were not proven, the order for attachment was invalid. Appellant's position is not well taken.

The appellee took all the statutorily required steps to complete an attachment of the Bosticks' property in the hands of appellant prior to judgment.

The Court of Appeals for Franklin County in *Wellborn* v. *K-Beck Furn. Mart, Inc.* (1977), 54 Ohio App. 2d 65, 67, stated:

"R. C. 2715.01 permits a prejudgment attachment against the property of the defendant for any of the grounds enumerated in that section. The grounds for attachment are ones relating to situations where the defendant may be able to remove the property from the effective control of the court if permitted to retain the property until a judgment is actually obtained and thus frustrate efforts to collect the judgment when obtained. An affidavit is required to be filed by the plaintiff, pursuant to R. C. 2715.03, stating the nature of the claim, the fact that it is just, the amount which affiant believes plaintiff ought to recover, as well as the existence of one of the grounds for attachment. A bond may also be required. If a judgment is ultimately granted for plaintiff, the judgment may be satisfied from the property which has been attached."

The basic purpose of allowing a prejudgment attachment is to protect the rights of creditors. Therefore, where property is available from which to satisfy a claim, the court may, upon the filing of the proper affidavit by plaintiff, prevent that property from being used for any purpose other than the satisfaction of the judgment. If the judgment is in favor of the plaintiff, the property is then available to satisfy that judgment. If the judgment is in favor of the defendant, the property is restored to the use of the defendant.

The provisions of R. C. 2715.01 *et seq.* are specifically designed to deal with prejudgment attachments. The Ohio Supreme Court stated in reference to R. C. 2715.01 *et seq.,* in *Rice* v. *Wheeling Dollar Savings & Trust Co.* (1955), 163 Ohio St. 606, 612:

"Thus, a plaintiff in a civil action for the recovery of money, at or after its commencement *and before judgment,* is provided by law with two methods of bringing property belonging to the defendant under the control of the court in which the action was instituted, *i.e.,* by actual attachment or by garnishment, either of which must be based on a valid order of attachment.

"Ample provisions are made for the *defendant* to question the validity of the order of attachment by Section 2715.44 *et seq.,* Revised Code." (Emphasis added.)

Because R. C. 2715.01 *et seq.* deals with prejudgment attachments, it would be inappropriate to require a plaintiff to prove the grounds under R. C. 2715.01 upon which he seeks attachment. An affidavit stating that the ground for attachment is R. C. 2715.01(K) is sufficient.

A second question that arises is whether appellant has standing to challenge the sufficiency of the affidavit in the original action or in the collateral action. In the instant case, the original defendants, Arthur and Willow Bostick, did not challenge the sufficiency of the affidavit. A default judgment was entered against them.

The Court of Appeals for Lucas County stated in *Pennsylvania Rd. Co.* v. *Bell* (1925), 22 Ohio App. 67, 69-70:

"It is settled law in Ohio that it is not an available defense to an action upon an order requiring the garnishee to pay money into court for the garnishee to show that the defendant in the attachment case was entitled to claim that the money in the hands of the garnishee was exempt from execution under the laws of the state, for the reason that the right to select and hold property exempt from execution is a personal privilege granted to the defendant in attachment, which he may waive. *Conley* v. *Chilcote,* 25 Ohio St., 320; *Chilcote* v. *Conley,* 36 Ohio St., 545. As the defendant in attachment did not claim the money as exempt, he waived his exemption, and, unless there were irregularities in the proceedings, which were jurisdictional, and the order against the garnishee therefore invalid, the plaintiff in error cannot complain."

The instant cause presents a similar problem, *i.e.,* can the garnishee in a subsequent collateral lawsuit raise the original defendant's defense that the affidavit was insufficient? We conclude that the appellant garnishee cannot raise that defense in this cause. Therefore, we hold that a garnishee being sued in a collateral action pursuant to R. C. 2715.33 cannot assert as a defense that the affidavit filed by a plaintiff in the original action did not meet the requirements of R. C. 2715.01(K). That defense is personal to the defendant in the original action and it can only be raised by the defendant in the original action or it is waived.

Appellant's first argument is without merit.

Appellant's second argument states:

"II. Broadview's actions as garnishee not only met all statutory requirements but also conformed to the standard custom and practice in this area relative to attachments before judgment."

Appellant contends initially that the letter it sent to the Clerk of Cleveland Municipal Court was the locally accepted method of responding to the Order of Attachment and Notice to Garnishee. Appellee, however, contends that even if the procedure of sending a letter to the clerk was proper, the information contained in the letter was erroneous and, therefore, appellee has a cause of action against appellant under R. C. 2715.33. Appellant contends its answer was sufficient.

R. C. 2715.29 requires, in part, that the garnishee answer questions "touching [1] property of every description, and [2] credits of the defendant in his possession or under his control and [3] regarding personal earnings***." It also requires that "the garnishee shall truly disclose the amount owing to the defendant whether due or not***."

Appellant contends that the Bosticks were not entitled to any funds at the time of the Order of Attachment and Notice to Garnishee because the Bosticks' executed deed had not been filed for record. Appellant is correct in its contention that the deed had not yet been filed for record, and that the funds held by appellant were not yet due and owing to the Bosticks by the terms of the escrow agreement. Appellant, then, had no property of the Bosticks in its possession.

We have found no Ohio cases, nor have any been cited by counsel, which have decided the question of whether funds held in an escrow account are subject to a prejudgment attachment. Numerous authorities from other states, however, firmly adopt the position that escrow funds are not subject to attachment by creditors of a debtor. *City Bank and Trust Co.* v. *Kwaske Bros. Const. Co.* (1976), 69 Mich. App. 271, 244 N.W. 2d 443; *K-M Auto Supply, Inc.,* v. *Reno* (Del. 1967), 236 A. 2d 706; *Cosentino* v. *Elson* (Fla. App. 1972), 263 So. 2d 253; *Smith Evans Lumber Co.* v. *Citizens Federal Savings & Loan Association* (1957), 95 Ga. App. 468, 98 S.E. 2d 102; *see Elder Building Supply Co.* v. *Wall* (1966), 114 Ga. App. 117, 150

S.E. 2d 350; Annotation, 10 A.L.R. 741; 6 American Jurisprudence 2d 649, Attachment & Garnishment, Section 125. The rationale behind this rule is that a valid, collectable debt due and owing to the debtor must exist at the time of the garnishment. Because the creditor's rights to the funds are derived entirely from the debtor, his rights to the funds can be no greater than the debtor's. *Brusman* v. *Susanjar* (1960), 113 Ohio App. 544; *see Reeb* v. *Interchange Resources, Inc.* (1970), 106 Ariz. 458, 478 P. 2d 82; *Elder Building Supply Co.* v. *Wall, supra.*

The foregoing authorities make it clear that funds held in escrow are not subject to garnishment except where all conditions of the escrow have been completed and the funds without dispute are due to the judgment debtor. The test of the right to garnish is whether or not the garnishee has funds in his possession belonging to the debtor for which the debtor could bring suit. *K-M Auto Supply, Inc.,* v. *Reno, supra.*

Therefore, this court holds that where parties have established an escrow account in connection with the sale of a home, funds held in the escrow account are not subject to prejudgment attachment by creditors of the seller where all of the terms of the escrow have not been performed.

The remaining question is whether the appellant garnishee is required to disclose the existence of the escrow account. In the instant cause, the appellant responded to the attachment notice by stating that it had "***no assets listed in the name of Arthur and Willow Bostick." Because the deed had not yet been filed for record, the funds in the escrow account were not yet assets belonging to the debtors Arthur and Willow Bostick. The statement, therefore, was correct. Where, as in the instant cause, it is clear that the seller had no right to the funds in the escrow account, the garnishee had no obligation to reveal the existence of such funds. The creditor's rights to the funds are derived from the seller. The seller having no right to the funds, the creditor has no right to have the existence of the funds revealed.

It would be manifestly unfair to the garnishee savings and loan association to be held liable for the payment of the underlying debt where it had no funds in its hands payable to the debtor at the time of the attachment. R. C. 2715.33 contemplates liability of the garnishee for failure to disclose funds

that are subject to attachment, not liability for failure to disclose funds that are not subject to attachment. Where, as here, the questioned funds are clearly unavailable for a pre-judgment attachment, there can be no liability for the failure of the garnishee to disclose the existence of those funds.

Appellant's second argument is well taken.

The judgment of the trial court is reversed and a judgment is entered for appellant.

*Judgment reversed.*

KRENZLER and PRYATEL, JJ., concur.