BANK ONE OF COLUMBUS, N.A. *v.* LAKE STATES CARTAGE, INC. ET AL.

(No. 83-022 — Decided April 17, 1985.)

Court of Common Pleas of
Hardin County.

*Roof, Barrett & Roof* and *Thomas A. Roof,* for plaintiff.

*Faulkner, Faulkner & Rapp* and *John B. Neville,* for the garnishee.

Dowd, J. This cause came on for hearing on the motion of plaintiff, Bank One of Columbus, N.A. and was submitted to the court on stipulated facts, evidence and exhibits.* * *[1]

Conclusions of Law

I

This is a garnishment case and, as such, is governed by statute (R.C. Chapter 2716). Garnishment is a procedure whereby a creditor can obtain property of his debtor which is in the possession of a third party.

A garnishment of property is commenced when the judgment creditor files with the court, and serves upon both the debtor and the third party in possession, an oath in writing setting forth the name of the defendant and stating that affiant has "good reason to believe and does believe that the person, partnership, or corporation named in the affidavit as the garnishee has property, other than personal earnings, of the defendant that is not exempt under the law of this state or the United States." R.C. 2716.11(B). The key phrase in the foregoing is: "has property, other than personal earnings, of the defendant."

The property recoverable through garnishment is thus limited to property in the possession of the garnishee. It is undisputed between the parties that at the time of service, the bank held the sum of $205.97 which was the property of defendants. The issue is whether the four checks deposited March 31, 1984 in the name of Lake States Cartage, in the face amount of $6,308.88, were property of the defendants in possession of the garnishee. These checks have not been paid to the garnishee by the payor banks and, in fact, the drawers, at the request of defendant Lois Shepherd, placed a "stop payment" on the checks before they reached the clearinghouse.

A depository is an agent for the purpose of collecting an item, and any settlement given for the item is provisional. R.C. 1304.07(A). One depositing a check for collection ordinarily creates the relationship of principal and agent between himself and the bank; after collection, the funds will become a general deposit creating the relationship of creditor and debtor between the depositor and the bank. *Central Loan, Inc.* v. *Farmers & Merchants Bank* (App. 1957), 81 Ohio Law Abs. 142, 162 N.E. 2d 205.

At the time of service of the affidavit, order, and notice of garnishment, there existed between the defendants and Community First Bank only a relationship of principal and agent. The bank was merely an agent for collecting the checks deposited March 31, 1984 from their drawers. This principal and agent relationship never ripened into a

---

[1] Reporter's Note: The text of the opinion as it appears herein was abridged by Judge Dowd.

creditor-debtor relationship because the checks were never collected. On the following business day, the defendants (without the knowledge of the bank) prevailed upon the makers to place a "stop payment" order on the checks, and to then issue replacement checks to be mailed directly to the defendant Lake States Cartage. The makers complied. This act by defendants effectively terminated the principal-agent relationship, and there was never created between Community First Bank and the defendants a debtor-creditor relationship as to those items.

The right or title of the principal defendant in garnishment proceedings must exist at the time of service of garnishment process. *Holly* v. *Dayton View Terrace Improvement Corp.* (C.P. 1970), 25 Ohio Misc. 57, 53 O.O. 2d 393, 263 N.E. 2d 337. The test of the right to garnish is whether or not the garnishee has funds or property in his possession, belonging to the debtor, for which the debtor could bring suit. *Central National Bank* v. *Broadview Savings & Loan Co.* (1979), 64 Ohio App. 2d 133, 18 O.O. 3d 101, 411 N.E. 2d 840, and cases cited therein at 139-140, 18 O.O. 3d at 105, 411 N.E. 2d at 844-845.

At no time during these proceedings could the defendants have brought suit against Community First Bank to recover money in the amount of the deposit of March 31, 1984. It follows that if the debtor has no ownership or right to the property, then his creditor-garnisher has no right to the property.

The rationale behind this rule is that a valid, collectible debt due and owing to the debtor must exist at the time of the garnishment. Because the creditor's rights to the funds are derived entirely from the debtor, his rights to the funds can be no greater than the debtor's. It would be manifestly unfair to the garnishee bank to be held liable for payment of the underlying debt where it had no funds in its hands payable to the debtor at the time of the garnishment.

At the time of the garnishment, the Community First Bank had funds in its hands payable to the debtor in the amount of $205.97. The plaintiff-garnisher, Bank One of Columbus, is entitled to receive that amount.

## II

The agreed statement of facts shows that Sharon Human, cashier at the Forest office of Community First Bank, having no knowledge that defendant Lois Shepherd had requested that payment be stopped on the four checks deposited March 31, 1984 ($6,308.88), prepared a bank money order payable to the clerk of this court in the amount of $6,514.85 and mailed it to the clerk, along with the answer of the garnishee. Factually, the bank at that time had property of the defendants in the amount of $205.97, and the balance of $6,308.88 was paid from general funds of the bank and not from property of the defendants. Plaintiff-garnisher was entitled only to the money which was in the accounts of Lake States Cartage, and the other defendants; garnisher was not entitled to any property the right or title to which did not exist in defendant Lake States Cartage or the other defendants-judgment debtors. Payment by Human of the sum of $6,308.88 was made by mistake and that sum was not the property of the defendants. Therefore, it should be returned to Community First Bank. Money paid to another by mistake is recoverable unless the other person has changed his position in reliance on the payment. This rule applies even if the mistake was the result of negligence. *Firestone Tire & Rubber Co.* v. *Central National Bank of Cleveland* (1953), 159 Ohio St. 423, 50 O.O. 364, 112 N.E. 2d 636.

There is no evidence in this case that plaintiff, Bank One of Columbus, has changed its position in reliance on the payment. It has given no release or satisfaction. It retains its full judgment against defendants. It possesses all of

the remedies for the collection of its judgment that it had in the beginning. Its position is simply that it is entitled to funds of Community First Bank, made payable to the clerk of court by mistake, while, in fact, it is entitled to only property *of the debtors* in the hands of Community First Bank.

### Decision

The motion of plaintiff is not well-taken either in law or in equity, and should be and is denied at its costs.

The clerk of the court is directed to pay out of monies in his hands, being the sum of $6,514.85 (the amount of bank money order No. 49281 drawn by Community First Bank) as follows: first, the sum of $6,308.88 to Community First Bank, being the amount paid by it by mistake; and second, to process the garnishment as to the balance of $205.97 according to law.

Bank money order No. 49416 is ordered released and returned to Community First Bank.

*Motion denied.*