**Goralsky v. Taylor**
*[Cite as 2 AOA 372]*

*Case No. 56534*
*Cuyahoga County, (8th)*
*Decided March 22, 1990*

*R.C. 1107.01*
*R.C. 2705.05*
*R.C. 2716.21*

*James C. Saumer, Esq. 33 East Bridge Street, Berea, Ohio 44017, For Plaintiff-Appellee.*

*Robert G. Miller, Esq. 200 Baker Building 1940 East 6th Street Cleveland, Ohio 44114, For Appellant.*

*Edward W. Taylor, Esq. 16537 North Oaks Strongsville, Ohio 44136, For Defendant-Appellee.*

CORRIGAN, J.

Huntington National Bank (hereafter referred to as "Huntington") appeals from the judgment of the trial court which found it in contempt for failure to accurately answer a notice of garnishment and imposed a fine of $1,000. For the reasons set forth below, we affirm.

I.

The record reveals that plaintiff Alice Goralsky obtained a judgment against Edward and Nancy Taylor in the amount of $19,871.37 and transferred it to the Berea Municipal Court for collection. On July 13, 1988, Goralsky filed a judgment creditor's affidavit of garnishment in order to collect on this judgment and named Huntington as garnishee. Goralsky further averred that she had reason to believe that Huntington was in possession of bank account No. 0366-225255-2 in trust for the Taylors.

Section A of this garnishment notice contained a court order instructing Huntington to complete its answer to the garnishment by providing the following information:

"1. That he has money, property, or credits, other than personal earnings of the indicated judgment debtor under his control and in his possession.

"2. Said property is described as:

"***

"5. If the answer to line 1 is 'YES' but the money, property, or credits are of such a nature, that they cannot be delivered to the Clerk of this Court, Indicate that by placing an 'X' in the box provided. Do not dispose of that money, property, or credits or give them to anyone else until further order of the Court."

In its answer, Huntington indicated that it had $284.15 on deposit which belonged to the Taylors. The court subsequently learned, however, that Huntington also had possession of almost $40,000 in a trust account which named the Taylors as beneficiaries, and it issued an order for Huntington to show cause why it should not be held in contempt.

At the subsequent contempt hearing, Dianne Conrad, the Huntington employee who processes garnishments, indicated that her search of Huntington's records in response to Goralsky's garnishment did reveal the trust account at issue. (Tr. 27-28.) She stated, however, that on advice of Huntington's counsel she did not report this account in Huntington's answer, as the Taylors are not authorized signatories on the account.

The trial court subsequently found Huntington in contempt of court for failure to properly answer Goralsky's garnishment notice, stating:

"It is common practice for lawyers on behalf of judgment creditors to issue garnishments to all the banks in the city in the hope of striking pay dirt.

"If this had been a shotgun approach without the lawyer having prior knowledge that there was in fact an account of substance at the Bank, the judgment creditor would have been denied access to an account which would pay in full the $20,000 plus that was owed.

"***

"If the Bank routinely denies information about Trust and Escrow accounts on its own authority, how many creditors have gone unsatisfied without ever a hint or suspicion of what happened to them?

"It is clear the Bank is in contempt of this Court. In the interest of the public good and the integrity of the legal system the fine is $1,000.00."

Huntington now appeals, assigning two errors.

II.

In its first assignment of error, Huntington contends that the trial court erred in holding it in contempt of court. This claim lacks merit.

A garnishee's answer to a notice of garnishment is governed by R.C. 2716.21, which provides in pertinent part:

"***

"(B) *** The garnishee shall truly disclose the amount owed by him to the judgment debtor whether *due or not*, and in the case of a

corporation, any stock held therein by or for the benefit of the judgment debtor.

"***

"(E) If a garnishee fails to answer as required by this section, answers but fails to answer *satisfactorily*, or fails to comply with a proper order of a court in connection with a garnishment under this chapter, the court may proceed against him for contempt." (Emphasis added.)

As an initial matter, we hold that this statute vests the lower court with discretion to determine whether the garnishee has properly responded to the notice of garnishment. Accord *Denovich* v. *Bd. of Trumbull Cty. Cmmrs.* (198), 36 Ohio St. 3d 14, 16. In addition, because Huntington was in possession of the trust funds for the benefit of the Taylors, pursuant to R.C. 1107.07(A), and was aware of this account when it submitted its answer, we hold that the trial court did not abuse its discretion in finding Huntington in contempt. Moreover, despite Huntington's claims that the funds in the trust account were not deliverable, the pre-printed answer makes it clear that the garnishee must report money which it holds for the judgment debtor but cannot deliver, such as money being held in a trust or escrow account.

Finally, while Huntington contends that disclosure of the trust account was not required, in accordance with this court's previous decision in *Central National Bank* v. *Broadview Savings & Loan Co.* (1979), 64 Ohio App. 2d 133, we find *Central National Bank, supra,* to be distinguishable from the instant case. *Central National Bank, supra,* arose from a creditor's attempt to obtain prejudgment attachment of an escrow account at Broadview Savings & Loan. At the time this bank received and responded to the creditor's notice of attachment, however, the conditions of escrow had not yet been satisfied, and, accordingly, the funds in the escrow account did not belong to the debtors. Thus the bank indicated in its answer to the notice of attachment that it had no funds belonging to the debtors. The creditor subsequently sued the bank pursuant to R.C. 2715.33, asserting that the bank's answer was unsatisfactory to the creditor. In approving the bank's answer to the creditor's notice of attachment, this court stated:

"*** where parties have established an escrow account in connection with the sale of a home, funds held in the escrow account are not subject to prejudgment attachment by creditors of the seller where all of the terms of the escrow have not been performed.

"*** Because the deed had not yet been filed for record, the funds in the escrow account were not yet assets belonging to the debtors Arthur and Willow Bostick. The statement [denying possession of assets belonging to the debtors], therefore, was correct." *Id.,* at 140.

The instant case, however, involves a judicial finding of contempt pursuant to R.C. 2716.21(E) for failure to report a trust account. In accordance with R.C. 1107.07, the funds in the trust account were at all times held for, and for the benefit of the Taylors. Thus, Huntington's reliance upon *Central National Bank* is misplaced, and Huntington's failure to disclose its possession of the trust account was not justified.

In accordance with the foregoing, Huntington's first assignment of error is overruled.

### III.

For its second assignment of error, Huntington argues that the trial court erred in imposing a fine of $1,000 for contempt, because, it claims, it committed only an indirect contempt and this fine exceeds the punishment for indirect contempt to set forth in R.C. 2705.05.

Assuming without deciding that Huntington committed an indirect rather than direct act of contempt, we note that while R.C. 2705.05(A) does purport to limit the penalties which may be imposed for contempt of court to a fine of $250 and imprisonment of not more than thirty days for a first offense, it has been held that the power to punish for contempt is an inherent power of a court, which is not subject to legislative control. *Cincinnati* v. *incinnati District Council 51* (1973), 35 Ohio St. 2d 197 (upholding fines totalling $37,000 imposed upon defendants found to have violated a permanent injunction); *Call* v. *G.M. Sader Excavating Paving, Inc.* (1980), 68 Ohio App. 2d 41 (upholding a fine of $10,000 despite defendants' claims that this fine exceeded R.C. 2705.05); *Olmsted Township* v. *Riolo* (June 9, 1988), Cuyahoga App. No. 54004, unreported (upholding fines totalling $26,500 for violating an injunction which prohibited the defendant from maintaining a junk yard on his property). See, generally, *State* v. *Kilbane* (1980), 61 Ohio St. 2d 201 (dicta reaffirming court's holding in *Cincinnati* v. *Cincinnati District Council 51, supra); State* v. *Local Union 5760* (1961), 172 Ohio St. 75 (holding that the inherent power of a court to punish for contempt generally may not be limited by legislative authority).

Thus, statutory powers regarding contempt are in fact merely cumulative and in addition to the inherent authority of the court. *State, ex rel. Johnson,* v. *Perry County Court* (1986), 25 Ohio St. 3d 53, 54.

Accordingly, we cannot conclude that the trial court erred in imposing the fine at issue here.

*Judgment affirmed.*

SWEENEY, P.J., and GRADY *, J., Concur.

*JUDGE THOMAS J. GRADY, of the Second District Court of Appeals, sitting by assignment.