OPINION
Intervenor-appellant James Davis dba Janasa Property Management (hereinafter "Janasa") appeals the November 5, 2001 Judgment Entry entered by the Stark County Court of Common Pleas, which found a Key Bank bank account in the Janasa name had been used as a pass-through account by judgment-debtor Laraine Porter, and ordered the amounts garnished from the account be paid to plaintiffs-appellees Paul Heckman, et al.
 STATEMENT OF THE FACTS AND CASE
On May 4, 2001, appellees filed a complaint in the Stark County Court of Common Pleas for breach of contract, fraud, misrepresentation, negligence, unjust enrichment, violations of the Consumer Sales Practices Act, and an accounting. Appellees named Laraine Porter, Todd Oney, Areawide Real Estate, Inc. and Areawide Home Buyers, Inc. (hereinafter "Areawide"), A.S. Stevenson as Trustee of 3921 Frazier Land Trust, 3921 Frazier Land Trust, and Joe Doe #1 as defendants. Service was issued for all the defendants via certified mail. Todd Oney was served on May 10, 2001. The certified mail service for the remaining defendants was returned "unclaimed." Thereafter, the remaining defendants were served via regular U.S. mail. On July 2, 2001, appellees filed a motion for default judgment against all defendants. The trial court granted default judgment in favor of appellees in the amount of $190,043.52, plus pre — and post-judgment interest, attorney fees, and court costs, against Porter, Oney, Areawide, Stevenson, and 3921 Frazier Land Trust.
Appellees subsequently commenced garnishment proceedings in an attempt to recover the judgment. The trial court issued orders and notices of garnishment to numerous banks, requiring said institutions to garnish any and all bank accounts in the names of the judgment debtors as well as in the names of certain businesses, which appellees discovered were sham corporations Porter was using as pass-through accounts. The banks did not locate any accounts in the individual names of the judgment debtors, but did locate funds in the names of a number of the sham companies, and garnished said funds. Judgment debtor Porter requested a hearing, seeking release of the funds. The trial court conducted a garnishment objection hearing on August 22, 2001. Via Judgment Entry filed September 11, 2001, the trial court found the garnishments to be proper and valid, and ordered the funds released to appellees as judgment creditors.
On October 5, 2001, the trial court issued an order and notice of garnishment to Key Bank, requiring said financial institution to garnish any and all bank accounts in the individual and/or joint name of Janasa Property Management. Diana Marteny aka Case requested a hearing on behalf of Janasa. James Davis dba Janasa Property Management filed a motion to intervene. The trial court granted Janasa the right to intervene "for the purpose of challenging the execution issued by [appellees] against Janasa Property Management" on October 6, 2001. The trial court conducted the hearing on October 26, 2001. Via Judgment Entry filed November 5, 2001, the trial court ordered the funds garnished from Key Bank in the name of Janasa Property Management be paid to appellees. The trial court found said account had been used as a pass-through account by Porter and the funds deposited into the account belong to some of Porter's other corporate and business entities. The trial court further found, "There has been no sufficient proof provided that the funds do not belong to the judgment debtor, and the Court finds that the garnishment shall proceed as filed." November 5, 2001 Judgment Entry.
It is from this judgment entry Janasa appeals, raising the following assignments of error:
 "I. THE TRIAL COURT ERRED IN ORDERING THAT THE KEY BANK CHECKING ACCOUNT OF APPELLANT JANASA WAS SUBJECT TO GARNISHMENT WHEN APPELLANT JANASA IS NOT THE JUDGMENT DEBTOR OF APPELLEES.
 "II. THE TRIAL COURT'S FINDING THAT THE KEY BANK ACCOUNT OF APPELLEE WAS USED AS A "PASS THROUGH" ACCOUNT AND THE FINDING THAT THERE WAS INSUFFICIENT PROOF THAT THE KEY BANK FUNDS DID NOT BELONG TO THE JUDGMENT DEBTOR ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "III. WHEN R.C. 2716.11 AND R.C. 2716.13 ARE USED TO GARNISH A BANK ACCOUNT OF A NON-JUDGMENT DEBTOR, SUCH PROCEEDINGS VIOLATE THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.
 "IV. THE TRIAL COURT ERRED IN SHIFTING THE BURDEN OF PROOF TO APPELLANT TO ESTABLISH THE FUNDS IN THE KEY BANK ACCOUNT DID NOT BELONG TO THE JUDGMENT DEBTOR.
 "V. THE TRIAL COURT ERRED IN RULING THAT THE RULES OF EVIDENCE DO NOT APPLY TO GARNISHMENT HEARINGS AND BY ADMITTING EVIDENCE CONTRARY TO THE RULES OF EVIDENCE."
 I, III
Because we find Janasa's first and third assignments of error to be interrelated, we shall address said assignments of error together. In its first assignment of error, Janasa maintains the trial court erred in ordering its Key Bank checking account was subject to garnishment as Janasa is not the judgment debtor. In its third assignment of error, Janasa challenges the constitutionality of R.C. 2716.11 and 2716.13.
Garnishment is a procedure whereby a creditor can obtain property of his debtor which is in the possession of a third party. R.C. 2716.01(B). R.C. 2716.11 provides: "A proceeding for garnishment of property, other than personal earnings, may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing made by the judgment creditor or the judgment creditor's attorney setting forth all of the following: (A) the name of the judgment debtor whose property, other than personal earnings, the judgment creditor seeks to garnish; (B) that the affiant has good reason to believe and does believe that the person named in the affidavit as the garnishee has property, other than personal earnings, of the judgment debtor that is not exempt under the law of this state of the United States; (C) a description of the property."
Janasa does not dispute the statute authorizes the judgment creditor to garnish the property of the judgment debtor which is the hands of a third party, i.e., the judgment debtor's debtor. However, Janasa submits appellees herein did not garnish the property of Porter, the judgment debtor, which was hands of a third party, but rather garnished property in the hands of a fourth party, i.e., the debtor of the judgment debtor's debtor. Janasa asserts the statute does not authorize such a tenuous chain. We agree.
We find the proper procedure would have been for appellees to issue an order of garnishment upon Janasa. Janasa would then be required to determine if it had any money, property or credits under its control or in its possession that belong to Porter, and pay any such funds into the court. However, because the trial court permitted Janasa the right to intervene and participate in the October 26, 2001 hearing, which gave Janasa the opportunity to contest the garnishment, coupled with the fact Key Bank paid the funds into the court pursuant to court order, we find any error in the procedural institution to be non-prejudicial. In light of the foregoing, we further find Janasa's due process challenge to be without merit.
Janasa's first and third assignments of error are overruled.
 II
In its second assignment of error, Janasa raises a manifest weight of the evidence claim with respect to the trial court's finding Janasa's Key Bank account was used a pass-through account by Porter, and the trial court's finding there was insufficient proof the Key Bank account did not belong to Porter.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
Janasa argues the trial court did not apply the appropriate test in determining whether appellees had the right to garnish this particular fund. Janasa submits the appropriate test is "whether or not the garnishee has funds or property in his possession, belonging to the debtor, for which the debtor could bring suit." Bank One of Columbus v.Lake States Cartage, Inc. (1985), 30 Ohio Misc.2d 22, 506 N.E.2d 1234. Janasa explains there was no evidence presented to establish Porter had the ability to sue on Janasa's debt. The "ability to sue on the debt test" as set forth in Bank One is not a universal test. Marquis v. TheNew York Life Ins. Co. (1952), 92 Ohio App. 389, 108 N.E.2d 227. Other courts have determined whether the funds were owed by the garnishee to the judgment debtor by considering the legal relationship between the garnishee and the judgment debtor. Gorlosky v. Taylor (1991),59 Ohio St.3d 197, 571 N.E.2d 720. We believe this latter test is more appropriate in the instant action. Upon review of the record, we find there was sufficient evidence to establish a legal relationship between Porter and Janasa.
At the first garnishment hearing on August 22, 2001, Diana Marteny aka Diana Case testified she was the bookkeeper for Porter's businesses. Marteny-Case stated she worked only for Porter and was not involved in any other business interests. However, at the October 26, 2001 hearing, James Davis testified Marteny-Case is his partner in Janasa Property Management, which was formed in March, 2001. Evidence presented at the hearing established the Janasa checking account with Key Bank was opened on August 15, 2001, one week before the first garnishment hearing, and Marteny-Case had completed the initial paperwork for the account. Davis explained Janasa is a property management company, which buys, sells, and manages real estate. Porter owns two or three of the forty properties Janasa currently manages. Davis stated his job is to bring Porter's business back on line and take care of it, including the payment of bills and mortgages. Davis added, "What we're doing is we've taken over Laraine Porter's business is what we've done and we're trying to pay everything that we can including Attorney Butera's bills and her judgment. We're planning on paying everything that Laraine Porter has to pay." Tr. of October 26, 2001 hearing at 41-42. Davis noted monies from Porter's businesses are deposited into the Janasa account and utilized to pay outstanding debts relative to those properties under Janasa's management. Additional evidence included testimony relative to the check written by a John Harst to Eternal Shares, which was found to be a sham corporation after the August 22, 2001 hearing, was deposited into the Janasa account at Key Bank.
Based upon the foregoing and the entire record in this matter, we find there was sufficient evidence from which the trial court could find the Janasa account was used as a pass-through account by Porter, and funds in that account belonged to her.
Janasa's second assignment of error is overruled.
 IV
In its fourth assignment of error, Janasa submits the trial court erred in shifting the burden of proof to Janasa to establish the funds in the Key Bank account did not belong to Porter. We agree.
In the November 5, 2001 Judgment Entry, the trial court stated: "The Court finds that there has been no sufficient proof provided that the funds do not belong to the judgment debtor, and the Court finds that the garnishment shall proceed as filed. The Court herein orders that the amounts shall be paid pursuant to law."
We agree with the aforequoted statement demonstrates the trial court placed the burden of proof on Janasa. However, we find Janasa did not have the burden to prove the funds did not belong to Porter. Unlike a situation involving joint account holders, in which each joint tenant has the right to withdraw the entire balance of the account, and the burden of resolving any dispute as to the ownership of those funds is on the joint account holders themselves, Janasa did not assume that risk as the Key Bank account was not a joint account. See, Ingram v. Hocking ValleyBand (Dec. 26, 1997), Fourth App. No. 97CA7, unreported. We find the burden remained on appellees to establish the funds in the Key Bank account in the name of Janasa belonged to Porter. Accordingly, we remand this matter for redetermination with the recognition appellees carry said burden.
Janasa's fourth assignment of error is sustained.
 V
In its final assignment of error, Janasa argues the trial court erred in finding the Rules of Evidence do not apply to garnishment proceedings, and in admitting evidence contrary to those rules. Specifically, Janasa takes issue with the trial court's admission of a chronology prepared by appellees' counsel, and an unsigned affidavit from a Key Bank employee and the subsequent signed affidavit, but of which were submitted to the trial court after the hearing.
With respect to the chronology, the trial court also permitted Janasa to submit its own chronology. Janasa chose not to do so; therefore, Janasa has waived any error relative to this evidence. With respect to the affidavit, we find the trial court violated Janasa's procedural due process by failing to give it an opportunity for cross-examination. However, at the end of the hearing, the trial court told the parties it would review additional evidence. Janasa did not object then or after the affidavit was submitted; therefore, we find Janasa has waived any error with respect to these exhibits.
Janasa's fifth assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part and the matter remanded for further proceedings consistent with this opinion and the law.
By: HOFFMAN, P.J. WISE, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to appellants.