NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0020n.06

No. 13-3686

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Jan 15, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MILLIE OGDEN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| FORTRESS GROUP USA; CRM | ) | STATES DISTRICT COURT FOR |
| INVESTORS; ROGER CLARK, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATIONAL CITY BANK, | ) | |
| | ) | |
| Garnishee-Appellee. | ) | |

BEFORE: MERRITT, SUTTON, and STRANCH, Circuit Judges.

PER CURIAM. Millie Ogden appeals through counsel a district court order denying her motion to alter or amend an order in a garnishment proceeding.

Ogden was defrauded of substantial assets by Roger Clark, doing business as Fortress Group USA and CRM Investors. In 2008, she obtained a default judgment against Clark in a California federal court for $324,500. She sought to collect on this judgment in the Northern District of Ohio, seeking assets from the defendants held by National City Bank (NCB) in Cleveland. NCB informed the court that it had three accounts in the name of the defendants. Ogden successfully garnished the amounts in two of these accounts, but NCB informed the court that the third account, in the name of Fortress Group, was an escrow account that was the subject of another lawsuit in which another victim of Clark's was seeking the amounts she had deposited

into the escrow account, among other claims. Ogden moved the court to order NCB to disburse the amounts in the third account to her. However, the district court concluded that Ogden had not established that the defendants actually had an interest in the account. In fact, the district court found that the other victim, the plaintiff in the second lawsuit before the same judge, was entitled to the cash in the account that could be traced to her deposits. The district court could not determine the ownership of the remaining assets in the escrow account, mostly in the form of treasury securities. Therefore, Ogden's motion to disburse the funds to her was denied.

Ogden filed a motion to alter or amend the district court's order, pursuant to Federal Rule of Civil Procedure 59(e). The vast majority of Ogden's arguments attacked the district court's determination that the cash in the account belonged to the other victim, arguing that the account was not an escrow account, that the other victim was not entitled to specific performance, and that the other victim did not have a judgment against the defendants as Ogden had. She also argued that NCB lacked standing to participate in the action because there was no interpleader of the funds in the account and NCB had not moved to intervene. The district court rejected all of Ogden's arguments, including her argument that it could not consider the information about the accounts provided by NCB because NCB had not intervened in the action. The motion to alter or amend was denied. The cash in the account was disbursed to the other victim, and the treasury securities remain in the account.

Ogden appealed the district court's order. In her brief, she has abandoned any claim to the cash in the account that was awarded to Clark's other victim. She argues only that NCB lacks standing to participate in the litigation before the district court or this court. NCB has filed a brief in opposition, as well as a motion for the court to take judicial notice of pleadings filed in the related lawsuits.

We review the denial of a motion to alter or amend judgment under Rule 59(e) for an abuse of discretion. *Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 766 (6th Cir. 2003). Relief under Rule 59(e) is available to correct a clear error of law, on the basis of newly discovered evidence or an intervening change in the law, or to prevent manifest injustice. *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). We find no abuse of discretion in this case because Ogden's motion to alter or amend did not establish that she was entitled to relief for any of these reasons. She did not present any newly discovered evidence, there was no change in the law, and no manifest injustice or clear error of law was established.

The district court properly declined to order the disbursement of the escrow account to Ogden because it was not subject to garnishment as she did not submit any evidence that the funds in the account were those of her judgment debtors. *See Cent. Nat'l Bank v. Broadview Sav. & Loan Co.,* 411 N.E.2d 840, 845 (Ohio Ct. App. 1979). The only argument Ogden makes on appeal is that NCB could not provide the district court with information about the account without moving to intervene. She does not explain how this argument would entitle her to garnish the funds in the escrow account. Moreover, she has abandoned any claim against the amounts that have been disbursed from the account. If she has any newly discovered evidence that the remaining funds belong to her judgment debtors, she remains free to move the district court for disbursement.

We deny NCB's motion to take judicial notice as unnecessary, and affirm the district court's order denying Ogden's motion to alter or amend its order denying disbursement of the escrow account to Ogden.